18-3298-cv
*Ahmed v. Cuccinelli*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of February, two thousand twenty.

PRESENT:   DENNIS JACOBS,
           GUIDO CALABRESI,
           DENNY CHIN,
                     *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

THANI AHMED, ALI YAHYA, BASHAR YAHYA,
SUAAD YAHYA, ABU MOBAREZ, HASNA
MOBAREZ, TAREQ ALJAHMI, EMAN ALGAHMI,
YAHYA ALJAHMI, JABRA NAJI, BASHEER AL-
KHADER, JULIE ALI, HUSSEIN MOHAMEN,
SALEH MOHAMED, MOMENAH ALSADI,
AIDAH MOFLEH, AMIRA AL-GAADI, WASSIM
AL-GAADI, ESHRAK AL-GAADI, INTISAR
MOFLEHI, MANSOUR AL-GAADI, ANSAM
MOHAMMED, ABDULQAWI MOHAMMED,
KHALED MOHAMMED, ABDULCAFI
MOHAMMED,
                     *Plaintiffs-Appellants,*

               -v-                              18-3298-cv

KENNETH T. CUCCINELLI, Director of United States Citizenship and Immigration Services, SARAH SHERGILL, United States Citizenship and Immigration Services Rome Field Office Director, JOSEPH LANGOLIS, Europe Middle East and Africa District Director, UNITED STATES EMBASSY IN DJIBOUTI, UNITED STATES EMBASSY IN ETHIOPIA, UNITED STATES EMBASSY IN SUDAN, UNITED STATES DEPARTMENT OF STATE, OFFICE OF THE UNITED STATES ATTORNEY, WILLIAM BARR, in his official capacity as Attorney General of the United States,

*Defendants-Appellees.***

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFFS-APPELLANTS:     JULIE A. GOLDBERG, Goldberg and Associates, Bronx, New York.


FOR DEFENDANTS-APPELLEES:     LI YU, Assistant United States Attorney (Benjamin H. Torrance, Assistant United States Attorney, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, New York.


Appeal from the United States District Court for the Southern District of New York (Failla, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Director of U.S. Citizenship and Immigration Services Kenneth T. Cuccinelli, II is substituted for former Director Lee Francis Cissna, and current Rome Field Office Director Sarah Shergill is substituted for former Field Office Director Laurie O'Bryon. The Clerk of Court is respectfully directed to amend the caption as set forth above.

Plaintiffs-appellants ("plaintiffs") are members of seven families originally from Yemen. They include U.S. citizens and lawful permanent residents who wish to bring family members in Djibouti to the United States. Plaintiffs brought this action to compel the United States Citizenship and Immigration Services ("USCIS") and the U.S. Embassies in Djibouti and Malaysia to accept and adjudicate I-130 petitions filed by U.S. citizen and lawful permanent resident petitioners on behalf of Yemeni family members. They assert claims under the Declaratory Judgment Act, 28 U.S.C. § 2201; the Mandamus Act, 28 U.S.C. § 1361; the Administrative Procedure Act, codified in part at 5 U.S.C. ch. 5; and the Fifth Amendment to the U.S. Constitution. They contend that USCIS's procedures for filing and adjudicating I-130 petitions are unlawful, and they seek to compel USCIS to send staff to Djibouti and Malaysia to process petitions there.

The district court issued an opinion and order on August 31, 2018 granting the motion of defendants-appellees ("defendants") to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Judgment dismissing the action was entered the same day, and this appeal followed. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

This Court reviews the grant of a Rule 12(b)(1) motion for clear error as to factual findings and *de novo* as to legal conclusions. *See Filetetch S.A. v. France Telecom*

- 3 -

*S.A.*, 157 F.3d 922, 930 (2d Cir. 1998).   We review "*de novo* a district court's grant of a motion to dismiss under Rule 12(b)(6)." *Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015).  "On a motion to dismiss, all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor." *Id.* at 306.  The complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Upon an independent review of the record, we affirm substantially for the reasons set forth in the district court's thorough and carefully considered opinion.  We add only the following:

The district court did not err in finding that plaintiffs' claims were not ripe for review, for they have not filed their I-130 petitions by mail, USCIS has the discretion to waive the requirement that a petitioner travel to the United States for an in-person interview, and USCIS routinely approves I-130 petitions without an in-person interview.  It is not at all apparent that if plaintiffs apply by mail, they will suffer the purported feared injury of being required to travel to the United States.  "To be justiciable, a cause of action must be ripe -- it must present a real, substantial controversy, not a mere hypothetical question." *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 687 (2d Cir. 2013) (internal quotation marks omitted).  Since these grounds are

sufficient to decide the case, we need not consider defendants' political question arguments.

In any event, the district court did not err in holding that plaintiffs failed to show any basis for requiring consular officers to accept I-130 petitions in certain embassies. USCIS enjoys broad discretion in its processing of I-130 petitions, and it is constrained by neither the Immigration and Nationality Act ("INA") nor the implementing USCIS regulations in this respect. *See* 8 U.S.C. § 1154(a)(1)(A); 8 C.F.R. § 204.1(b). Indeed, while USCIS may delegate the authority to accept I-130 petitions to the State Department's consular officers on a case-by-case basis or, in exceptional circumstances, by issuing a blanket authorization, its decision to do so is discretionary. Indeed, even where USCIS issues a blanket authorization, the Department of State "retains its own discretion to allocate and prioritize its resources." App'x at 25.

\* \* \*

We have considered plaintiffs' remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk